IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION



| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands Corporation, | § § § | Case No. 2-03CV-007 TJW |
| | § | Judge: Hon. T. John Ward |
| Plaintiff, | § | |
| v. | § § | |
| TAIWAN SUMIDA ELECTRONICS INC., a Taiwanese corporation, | § § § | |
| Defendants. | § § § § § § | |

### PLAINTIFF'S SUPPLEMENTAL JURY INSTRUCTION REGARDING THE EXISTENCE OF AN MPS PATENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, O2 Micro International Limited, and hereby files this supplemental jury instruction regarding existence of an MPS patent. A copy of the proposed jury instruction is attached hereto as Exhibit A.

DATED: November 14, 2005      Respectfully submitted,

By: *Henry Bunsow by SCC by permission*
Henry C. Bunsow (California Bar No. 60707)
K.T. Cherian (California Bar No. 133967)
Duane H. Mathiowetz (California Bar No. 111831)
Howrey Simon Arnold & White, LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
Email:      bunsowh@howrey.com
Email:      cheriank@howrey.com
Email:      mathiowetzd@howrey.com

Otis W. Carroll
(State Bar No. 03895700)
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone:  (903) 561-1600
Facsimile:  (903) 561-1071
Email:      fedserv@icklaw.com

S. Calvin Capshaw (State Bar No. 03783900)
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
Email:      ccapshaw@mailbmc.com

Franklin Jones, Jr. (State Bar No. 00000055)
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360
Email:      franklinj@millerfirm.com

Attorneys for Plaintiff
O2 MICRO INTERNATIONAL LIMITED

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been sent to the following counsel of record by Hand Delivery, ECF and/or e-mail on November 14, 2005.

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Tel:   903-757-8449
Fax:   903-758-7397
eric@albrittonlawfirm.com

Nathan Lane, III, Esq.
Joseph A. Meckes, Esq.
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Tel:   415-954-0200
Fax:   415-393-9887
nlane@ssd.com
jmeckes@ssd.com

Philip J. McCabe, Esq.
Ronald E. Prass, Jr., Esq.
Kenyon & Kenyon
RiverPark Towers
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
Tel:   408-975-7500
Fax:   408-975-7501
pmccabe@kenyon.com
rprass@kenyon.com

/s/ S. Calvin Capshaw

# EXHIBIT A

A patent gives the patentee the right to exclude others from making, using, offering for sale or selling the invention. Therefore, the existence of an MPS patent does not constitute a defense to infringement of the Plaintiffs' patents. [1]

GIVEN: _____

REFUSED: _____

_____
HONORABLE T. JOHN WARD,
UNITED STATES DISTRICT JUDGE

---

[1] Source: *Acco v American Power Conversion*, Cause No. 2:02CV113 (E.D. Tx November 13, 2003) (Transcript of proceedings; November 13, 2003 at 53-54), attached hereto as Exhibit B.

# EXHIBIT B

```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
 2                            MARSHALL DIVISION

 3    ACCO BRANDS, INC. D/B/A        *    Civil Docket No.
      KENSINGTON TECHNOLOGY GROUP    *    2:02-CV-113
 4    VS.                            *    Marshall, Texas
      AMERICAN POWER CONVERSION      *    November 13, 2003
 5    CORP. & KRYPTONITE CORP.       *    8:30 A.M.

 6                          TRANSCRIPT OF TRIAL
                    BEFORE THE HONORABLE T. JOHN WARD
 7                     UNITED STATES DISTRICT JUDGE
                              AND A JURY
 8
      APPEARANCES:
 9    FOR THE PLAINTIFF:        MR. HENRY C. BUNSOW
                                MR. BRIAN SMITH
10                              Howrey, Simon Arnold & White
                                525 Market Street, Suite 3600
11                              San Francisco, CA   94105

12                              MR. CALVIN CAPSHAW
                                Brown McCarroll
13                              1127 Judson Road, Suite 220
                                Longview, TX   75601
14

15    FOR THE DEFENDANTS:       MR. WILLIAM GRIMM
                                Hinckley, Allen & Snyder
16                              1500 Fleet Center
                                Providence, RI   02903
17
                                MR. RICHARD GRAINGER
18                              Attorney at Law
                                118 West Houston Street
19                              Tyler, TX   75702

20

21    COURT REPORTERS:          MS. SUSAN SIMMONS
                                MS. JUDITH G. WERLINGER
22                              Official Court Reporters
                                100 East Houston
23                              Marshall, TX   75670
                                (903) 935-3868
24

25    (Proceedings reported by mechanical stenography, transcript
      produced on CAT system.)
```

Page 50

1  constitute direct infringement and that the Defendant
2  knew or should have known that their actions would induce
3  actual infringement.
4    I believe I made a mistake here, didn't I?
5    I'm going to give this again. I may have
6  jumped a line there. Trifocals and my age sometimes catch
7  up with me here on this.
8    If you should find that someone has directly
9  infringed Claims 1, 2 or 5 of the '557 patent, it is not
10 necessary to show that the Defendants themselves have
11 directly infringed if the Plaintiff proves by a
12 preponderance of the evidence that the Defendants actively
13 and knowingly aided and abetted that direct infringement.
14 The Plaintiff must show that the Defendants actually
15 intended to cause the acts that constitute direct
16 infringement and that the Defendants knew or should have
17 known that their actions would induce actual infringement.
18    The Defendants cannot be liable for inducing
19 infringement if they had no reason to be aware of the
20 existence of the patent.
21    If you find that someone has directly
22 infringed claims 1, 2 or 5 of the '557 patent and that
23 the Defendants knew or should have known that their
24 actions would induce infringement, you may find that the
25 Defendants induced another to infringe the patent --

Page 51

1  Plaintiffs' patent if they provided instructions and
2  directions to perform the infringing acts through labels,
3  advertising or other sales methods.
4    You may also find that the Defendants
5  induced infringement by supplying the components that are
6  used in an infringing apparatus with the knowledge and
7  intent that their customers would directly infringe by
8  using the components to make, use or sell the patented
9  invention.
10   With respect to contributory infringement,
11 the Plaintiff also asserts that the Defendants are liable
12 for contributory infringement. The Plaintiff has the
13 burden to prove contributory infringement by a
14 preponderance of the evidence. To establish contributory
15 infringement by the Defendants, the Plaintiff must first
16 show that someone directly infringed Claims 1, 2 or 5 of
17 the '557 patent. However, the Plaintiff does not need to
18 prove that the Defendants themselves directly infringed.
19   If there is no direct infringement by
20 anyone, there can be no contributory infringement.
21   If you find that someone has directly
22 infringed the patent, then contributory infringement
23 exists if the Plaintiff proves, one, the Defendants sold
24 or supplied; and secondly, a material component of the
25 patented invention that is not a staple article of

Page 52

1  commerce capable of substantial noninfringing use; and
2  three, with the knowledge that the component was
3  especially made or adopted for use in an infringing
4  product.
5    Now, a staple article of commerce capable
6  of substantial noninfringing use is something that has
7  uses other than as a part or component of a patented
8  product and that those other uses are not occasional,
9  far-fetched, impractical, experimental or hypothetical.
10   With respect to the claimed willful
11 infringement, the Plaintiff does claim in this case that
12 the Defendants infringed its patents willfully. Although
13 you must determine whether the Defendants' infringement
14 was willful, this determination will not affect the
15 amount of damages, if any, that you assess. The purpose
16 of your determination is to assist the Court in making
17 decisions that it will have to make.
18   The Plaintiff must prove willfulness by a
19 clear and convincing evidence. This is a higher degree
20 of persuasion than is necessary to meet the preponderance
21 of evidence standard. You should assess willfulness as
22 to each Defendant separately.
23   The Plaintiff proves willful infringement
24 if it shows that a Defendant, No. 1, was aware of the
25 Plaintiffs' patent; and No. 2, had no reasonable basis

Page 53

1  for reaching a good faith conclusion that its making,
2  using or selling of its device avoided infringing the
3  patent.
4    The Plaintiff may also prove willful
5  infringement by proving that the Defendant did not
6  exercise due care to determine whether or not it was
7  infringing the Plaintiffs' patent once the Defendant had
8  actual notice of the Plaintiffs' patent. Infringement is
9  not willful and deliberate if the Defendant had a
10 reasonable basis for believing that the patent is invalid
11 or not infringed.
12   A factor to consider in evaluating the
13 Defendants' conduct is whether the Defendant followed
14 competent legal advice once the Defendants obtained
15 notice of the Plaintiffs' patent and before the
16 Defendants began or continued the infringing activities.
17   Competent legal advice means an opinion by
18 counsel that is not simply conclusory, but is based on a
19 reasonable examination of the facts and the law
20 pertaining to the validity and infringement issues.
21   If you find that the Defendants received
22 competent legal advice, you should then consider whether
23 the Defendants actually relied upon and followed
24 counsel's advice.
25   A patent gives the patentee the right to

Page 54

1 exclude others from making, using, offering for sale or
2 selling the invention. Therefore, the existence of the
3 Defendants' patents does not constitute a defense to
4 infringement of the Plaintiffs' patents.
5     The Defendants' patents are, however,
6 relevant on the issue of whether the Defendant willfully
7 infringed the Plaintiffs' patents or not and were
8 admitted only for that purpose.
9     In considering whether the Defendants'
10 infringement was willful, you should consider all of the
11 circumstances and all of the evidence demonstrating the
12 Defendants' intentions. No single factor alone requires
13 a finding of willful or non-willful infringement.
14     I will now instruct you as to the
15 calculation of damages should you find that the Plaintiff
16 has met its burden on any of its claims.
17     If you find that the Defendants have
18 infringed any of the claims of the Plaintiffs' patents
19 and that these claims are valid and enforceable, then you
20 should consider the amount of money the Plaintiff should
21 receive as damages.
22     The Plaintiff has the burden of proving by
23 a preponderance of the evidence the amount of damages
24 caused by the Defendants' infringement. Even though I am
25 instructing you on how you should measure damages, this

Page 55

1 should not be taken to mean that I believe that the
2 Defendants have infringed. These are issues for you to
3 resolve under the instructions I have given you.
4     I am instructing you on damages only so
5 that you will have guidance should you decide that the
6 Plaintiff is entitled to recover.
7     If you find that there has been an
8 infringement, the owner of a patent is entitled to an award
9 of damages adequate to compensate for the infringement but
10 in no event less than a reasonable royalty for the use the
11 Defendants made of the invention.
12     There are two types of damages for patent
13 infringement. The first type of patent damages is lost
14 profits.
15     Briefly, lost profits compensate the
16 patent owner for the additional profits that it would
17 have made if the accused infringer had not infringed.
18 You may hear this referred to as the "but-for" test. I
19 will discuss lost profits in more detail shortly.
20     The second type of patent damages is
21 called reasonable royalty. I will also discuss
22 reasonable royalty later in more detail. But generally a
23 reasonable royalty is defined by the patent laws as the
24 reasonable amount that someone wanting to go use the
25 patent invention should expect to pay to the patent owner

Page 56

1 and the owner should expect to receive. A reasonable
2 royalty is the minimum amount of damages that a patent
3 owner may recover.
4     Now a little more on lost profits. I'm
5 going to first instruct in detail about lost profit
6 damages.
7     Simply stated, lost profit damages are the
8 profits the Plaintiff lost because of the infringement.
9 They are not the profits the Defendants made. The
10 Plaintiff says that it lost profits because the
11 Defendants' infringement took away sales that the
12 Plaintiff would have made. This is called lost profits
13 due to lost sales.
14     The Plaintiff has the burden to show that
15 it was more probable than not that it would have made
16 additional profits if the Defendants had not infringed.
17     Lost sales are those sales the patent
18 owner lost because of the infringement. To prove that it
19 lost sales, the Plaintiff must prove that it was more
20 probable than not that it would have made additional
21 sales if the Defendants had not made the sales or carried
22 out the activities you find to be an infringement.
23     The Plaintiff may receive damages for lost
24 sales only on those products that compete with the
25 Defendants' products that you find to infringe.

Page 57

1     In deciding whether the Plaintiff lost
2 sales, you should consider whether or not the Plaintiff
3 proved that it had the manufacturing capacity and
4 marketing capacity -- capability to make the sales it
5 says it lost.
6     The Plaintiff must prove that it was more
7 probable than not that it could have been made or could
8 -- let me start over.
9     The Plaintiff must prove that it was more
10 probable than not that it could have made, or could have
11 had someone else make for it, the additional products it
12 says it could have sold but for the infringement. The
13 Plaintiff must also prove that it had the capability to
14 market and sell the additional products.
15     You must also consider whether or not, if
16 the Defendants' infringing product was not available,
17 some or all of the people who bought from the Defendants
18 would have bought from a different non-infringing product
19 from the Defendants or somebody else rather than buying
20 from the Plaintiff. In that regard, you consider -- you
21 should consider a product sold by one of the Plaintiffs'
22 licensees to be a non-infringing product.
23     In deciding whether or not people who
24 bought from the Defendants would have bought a
25 non-infringing product, you should consider whether or