IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LIMITED | § | |
| Vs. | § | CIVIL ACTION NO. 2:03-CV-07 |
| SUMIDA CORPORATION, ET AL. | § | |


## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order resolves the various motions remaining in this case.

**1.     Defendant's Amended Renewed Motion for Judgment as a Matter of Law**

Taiwan Sumida Electronics ("TSE") has filed an amended renewed motion for judgment as a matter of law.  That motion (#250) is granted in part and denied in part.

### A.     Standard for judgment as a matter of law

A motion for judgment as a matter of law should be granted only if, on reviewing the entire record, there is no legally sufficient basis for a reasonable jury to find for the non-moving party on an issue.  Fed. R. Civ. P. 50(a); *Harris Corp. v. Ericsson, Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).  The court must make all reasonable inferences in favor of the non-movant.  *Dresser-Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831, 838 (Fed. Cir. 2004).  Credibility calls are for the jury.  *DP Solutions, Inc.*, 353 F.3d at 427.  The court should allow the verdict to stand unless there is a lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or if the legal conclusions implied from the verdict cannot be supported by those findings.  *Am. Home*

*Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (Fed. Cir. 2004).

**B.     Contributory infringement**

TSE contends that it is entitled to judgment as a matter of law on plaintiff's claim for contributory infringement.  The basis for TSE's argument is that it only sold inverter modules outside the United States and did not control the actual importation of the devices (laptop computers) which incorporated the infringing components into the United States.  According to TSE, Dell imported the laptops into the United States, and it is responsible for any infringement that occurred within the territory of the United States.  The court agrees with TSE.

Although some courts have suggested that a party causing direct infringement in the United States may be liable for contributory infringement for acts taken outside the United States, *see Trustees of Columbia Univ. in City of New York v. Roche*, 150 F. Supp. 2d 191 (D. Mass. 2001), TSE correctly observes that the contributory infringement statute provides clear territorial limitations.  The statute, 35 U.S.C. § 271(c), provides:

> Whoever offers to sell or sells *within the United States* or imports *into the United States* a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as an infringer.

35 U.S.C. § 271(c)(emphasis added); *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316 (D. Del. 2004); *Cybiotronics, Ltd. v. Golden Source Elecs., Ltd.*, 130 F. Supp. 2d 1152, 1166 n.35 (N.D. Cal. 2001).  Accordingly, the court agrees with TSE that it is not liable for contributory infringement under 35 U.S.C. § 271(c) because TSE's sales of its inverter modules occurred overseas.  The court grants TSE's motion for judgment as a matter of law on this point.

## C.    Induced infringement

TSE also moves for judgment as a matter of law on the jury's finding of induced infringement.   The inducement statute, section 271(b), does not include the same territorial limitations of the contributory infringement statute.  Moreover, it is well-settled that inducement may be shown by circumstantial evidence.  *Metabolite Labs., Inc. v. Lab Corp. Am.*, 370 F.3d 1354, 1365 (Fed. Cir. 2004).

The evidence supports the jury's verdict of induced infringement.  The evidence reflects that TSE knowingly committed acts directed toward the United States to induce the importation of laptops containing TSE's inverter modules.  The correspondence between TSE and Dell provides evidence from which a jury could infer that TSE knew its modules would be imported into the United States and sought to meet Dell's specifications to exploit the domestic market.  Dell sells computers worldwide and is headquartered in Texas.  The evidence reflects that TSE manufactured a component product and sought to meet Dell's specification with an eye that the product be incorporated into Dell laptops and sold everywhere Dell sells–including the United States.  An e-mail from Patrick Goh dated June 17, 2003, confirmed that the "actual buyer" of TSE's inverters was Dell.  PX 370.  Another TSE witness, Dalton Wu, testified that he personally met with Dell representatives in Austin.  That witness further testified that TSE sells directly to Samsung, which, in turn, sells to Dell.  Wu testified that although Dell was not TSE's direct customer, his purpose in meeting with Dell was to increase TSE's sales to Samsung, the intermediate purchaser.  Other evidence was offered that TSE communicated directly with Dell and provided information to Dell regarding the accused components.  *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373-75 (Fed. Cir. 2005).  Although TSE contends that the decision to import

3

was ultimately Dell's, the jury could reasonably have concluded that TSE knowingly committed acts designed to influence Dell's decision to import laptops containing TSE's modules into the United States and, in any event, intended for its modules to be incorporated into Dell laptops to exploit the United States market.

TSE contends that *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1276 n.6 (Fed. Cir. 2004) precludes a finding of inducement in this case.  According to TSE, *Dynacore* stands for the proposition that "sale of a lawful product by lawful means, with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement."  The statements in *Dynacore* must, however, be read in context.  The case imposed strict limitations on inducement claims when an accused product is capable of substantial non-infringing uses.  TSE relies on the language in *Dynacore* as though its own products are capable of substantial non-infringing uses.  To this end, TSE argues, in a footnote, that:

> No Dell laptops with TSE modules that are sold and used in China, Japan, Taiwan, Europe, Australia or any other place outside of the United States can infringe the '722 patent.  Thus, the modules plainly have substantial non-infringing uses.

TSE's Reply, at 6, n. 7.  This view of substantial non-infringing uses is unaccompanied by any case citation.  The omission of supporting authority is not accidental--the case law rejects this position. *Lucas Aerospace, Ltd. v. Unison Indus., L.P.*, 899 F. Supp. 1268, 1287 (D. Del. 1995)(rejecting argument in context of contributory infringement case); *see also LG Electronics, Inc. v. Asustek Computer, Inc.*, 2002 WL 31996860 *12 (N.D. Cal. 2002)(rejecting argument in context of patent exhaustion case).  A substantial non-infringing use is one which does not practice the patent.  *See id.*  The court has considered the arguments made by TSE and is persuaded that sufficient evidence supports the jury's verdict of inducement.  TSE's motion for judgment as a matter of law on this

4

point is denied.

### D.    Evidence of direct infringement, validity, and willfulness

The evidence on direct infringement was conflicting.  The jury heard evidence from both parties' experts and various other individuals concerning the operations of the accused products.  The plaintiff's expert, Dr. Rhyne, testified that, in his opinion, the accused devices met all of the claim limitations of the asserted claims of the '722 patent.  Although TSE points to certain admissions made by Dr. Rhyne on cross-examination, the jury could have credited Dr. Rhyne's testimony on infringement, including those portions the plaintiff pointed to in support of the existence of a second state and the other limitations of the asserted claims.  There was also evidence from which the jury could have concluded that Dr. Rhyne had superior skill in the art.  The jury was entitled, therefore, to credit Dr. Rhyne's direct infringement opinions over his counterpart called by TSE.  As such, sufficient evidence exists to support a finding of literal infringement of the asserted claims.

Likewise, the court is persuaded that it properly vacated the summary judgment ruling respecting the "only if" limitation contained in the '722 patent.  The plaintiff was not estopped from pursuing that claim at trial and the evidence, viewed in the light most favorable to the plaintiff, supports the jury's verdict.

As for invalidity, the evidence was such that the jury could have failed to find that the patent was invalid.  The jury had before it sufficient evidence of Dr. Lin's conception of his invention, together with corroborating evidence.  *Singh v. Brake*, 222 F.3d 1362, 1368 (Fed. Cir. 2000).  Sufficiency of corroboration is determined by using a "rule of reason" analysis, under which all pertinent evidence is examined when determining the credibility of an inventor's testimony.  *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1170 (Fed. Cir. 2006)(*citing Price v. Symsek*, 988

F.2d 1187, 1195 (Fed. Cir. 1993)).   Whether or not corroboration exists is a question of fact. *Medichem*, 437 F.3d at 1171.   TSE urges that plaintiff should have brought more evidence and witnesses to corroborate Dr. Lin's testimony.   However, whether there could have been more or better evidence is not the question.   There was sufficient evidence of corroboration in this case to support the jury's verdict on invalidity.   The court has considered, but ultimately, rejects, the balance of the defendant's invalidity points.   The evidence, viewed in the light most favorable to the plaintiff, supports the jury's findings that the '722 patent was not invalid.

Finally, the court rejects the defendant's motion for judgment as a matter of law on willful infringement.   Willful infringement must be shown by clear and convincing evidence.   *E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1440 (Fed. Cir. 1988).   Much of TSE's argument is that the jury should have credited its explanation concerning the data sheets and boards obtained by MPS.   The court rejects this argument.   The jury had before it sufficient proof that would have permitted it to conclude that TSE and MPS together shared the plaintiff's confidential information to the plaintiff's disadvantage.   This evidence was relevant to show that TSE's state of mind was such that it acted willfully and in disregard for the plaintiff's rights under the '722 patent. TSE suggests that this conduct occurred approximately two years before the issuance of the '722 patent and implies that this renders the evidence irrelevant.   The court disagrees.   The weight to be given this evidence was for the jury, who had before it the facts concerning the timing of this conduct in relation to the date of issuance of the patent.   The motion for judgment as a matter of law on this point is denied.

## 2.     Defendant's Motion for New Trial

The defendant moves for a new trial under Rule 59 and Rule 61.   That motion (#247) is

6

denied.  The bulk of defendant's motion is its argument that the court erred by allowing the jury to hear evidence of trade secret misappropriation.  The court remains convinced that the evidence was admissible to show willful infringement, and the court is not persuaded that the evidence was unduly prejudicial such that it should have been excluded.  The court also rejects the argument that the jury's verdict was against the great weight of the evidence.  No new trial is warranted.

**3.      Plaintiff's Motion to Enhance Damages and Declare the Case Exceptional**

The court grants the plaintiff's motion to enhance damages and declare the case exceptional (#251).  As the plaintiff points out, the jury in this case found the defendant liable on sufficient evidence for willful infringement of the asserted claims of the '722 patent.  In general, when a jury finds willful infringement, an enhancement of damages is appropriate.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992), *abrogated on other grounds*, *Markman v. Westview Inst., Inc.*, 52 F.3d 967 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370 (1996).  *Read* counsels the court to consider such factors as (1) whether the infringer deliberately copied the ideas of another; (2) whether the infringer investigated the scope of the patent and formed a good faith belief that it was invalid or not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) the closeness of the case; (6) the duration of the defendant's misconduct; (7) remedial action by the defendant; and (8) the defendant's motivation for harm.  The court has considered these factors and holds that enhanced damages are appropriate.

Primarily, the court's decision is based on the evidence that a former employee of TSE obtained one of the plaintiff's products, went to work for O2's competitor, Monolithic Power Systems ("MPS"), and disclosed confidential information to MPS.  The evidence supports a determination that MPS and TSE misappropriated the plaintiff's intellectual property and thus

supports the jury's finding of willfulness.  In addition, TSE engaged in no remedial action, and, through an indemnity agreement, put itself into a financial condition effectively equal to MPS.  It is true that the issues in the case were close and there was an investigation into infringement and validity.  Nevertheless, the court agrees that enhanced damages are appropriate and awards the full amount of $4,000,000 in accordance with the parties' stipulation.

The court also declares the case exceptional and awards attorney's fees and costs.  A finding of willful infringement supports a finding of an exceptional case.  *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184 (Fed. Cir. 1994).  There is no apparent reason for denying a fee award in this case, and the court therefore declares the case exceptional and awards attorney's fees and costs.

The plaintiff requests a $3 million fee award, the maximum available under the parties' agreement.  The plaintiff argues that its fees actually exceed that amount, so the maximum amount available under the agreement is proper.  The defendant objects, however, because the plaintiff has not supported its request.  Based on the objection, the court declines to find that the plaintiff is entitled to a $3 million fee award without supporting documentation and proof.  The plaintiff may submit a fully supported fee application in accordance with the rules.

**4.      Plaintiff's Motion for Permanent Injunction**

The court grants plaintiff's motion for permanent injunction (#240).  In doing so, the court rejects the defendant's argument that an injunction is inappropriate in this case.  General principles of patent law provide that an injunction should issue on a finding of infringement.  *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989)(noting that it is a "general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it.").

The court rejects the argument that the plaintiff may be adequately compensated at law as well as the position that an injunction is not in the public interest.

The injunction will not have an inappropriate extraterritorial effect.  The plaintiff concedes it does not seek an injunction against TSE's manufacture and sale in Taiwan of its inverter modules. As a result, the court will not issue an injunction barring all extraterritorial sales of the accused products.  But the plaintiff is entitled to an injunction directed toward TSE's activities which cause domestic infringement as well as the activities of those persons or companies acting *in concert with* TSE.  Therefore, the court will issue an injunction that enjoins TSE from making, using, selling, or importing into the United States any of the accused products as well as from otherwise infringing or inducing others to infringe the claims of the '722 patent.  *See Spindelfabrik Suessen-Schurr v. Schubert & Salzer Maschinenfabrik AG*, 903 F.2d 1568, 1577 (Fed. Cir. 1990).  Given the jury's finding of induced infringement and TSE's contention that it does not (and, implicitly, cannot) control the ultimate destination of its inverter modules, the plaintiff is also entitled to an injunction requiring TSE to label prominently those products found to be infringing and their accompanying literature "Not for Sale in, Use in, or Importation into the United States."  *Id*.  These terms preserve TSE's ability to sell its products for use outside the United States while placing potential purchasers and importers on notice that the importation or sale of such products within the United States is prohibited.  The court has today issued a final judgment and permanent injunction in accordance with the evidence in this case.

SIGNED this 12th day of April, 2006.


_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

9