# United States Court of Appeals for the Federal Circuit

2006-1411

O2 MICRO INTERNATIONAL LIMITED,

Plaintiff-Appellee,

v

TAIWAN SUMIDA ELECTRONICS, INC,

Defendant-Appellant

FILED-CLERK
U.S. DISTRICT COURT
2009 JUN -1 AM 9:48
TX EASTERN-MARSHALL

BY_____

# Judgment

ON APPEAL from the    United States District Court for the Eastern District of Texas

in CASE NO(S)    2:03-CV-00007

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

VACATED

ENTERED BY ORDER OF THE COURT

DATED MAR 0 5 2009

Jan Horbaly, Clerk

**ISSUED AS A MANDATE:** MAY 29 2009

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By:_____ Date: 5/29/09

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1411

O2 MICRO INTERNATIONAL LIMITED,

Plaintiff-Appellee,

v.

TAIWAN SUMIDA ELECTRONICS, INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 2:03-CV-00007, Judge T. John Ward.

---

DECIDED: March 5, 2009

---

Before RADER, PLAGER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

In the instant case, a jury in the United States District Court for the Eastern District of Texas returned a verdict finding that Taiwan Sumida Electronics, Inc. ("Taiwan Sumida") contributed to or induced the infringement of claims 1, 2, 9, 12 and 18 of O2 Micro International, Ltd.'s ("O2 Micro's") U.S. Patent No. 6,396,722 ("'722 patent"), that the infringement was willful, and that those claims had not been proven invalid. The instant case is a companion case to Monolithic Power Systems, Inc. v. O2 Micro International, Ltd., No. 2008-1128, -1136 (the "MPS case"), decided by this court today. In the MPS case, this court holds that the same claims of O2 Micro's '722 patent are invalid as obvious under 35 U.S.C. § 103.

This court held in <u>Mendenhall v. Barber-Greene Co.</u>, 26 F.3d 1573, 1577 (Fed. Cir. 1994) that "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel." (citing <u>Blonder-Tongue Labs., Inc. v. University of Ill. Found.</u>, 402 U.S. 313, 350 (1971)). O2 Micro, in a letter to this court, has conceded that the judgment in the instant case cannot be upheld, as per <u>Mendenhall</u>, if this court affirms the invalidity judgment in the MPS case. Because today's judgment of invalidity of the asserted claims of the '722 patent in the MPS case collaterally estops O2 Micro from pursuing infringement claims against Taiwan Sumida based on the same claims of the '722 patent, this court vacates the judgment of the District Court for the Eastern District of Texas.

<u>VACATED</u>

NO COSTS

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: /s/ _____  Date: 5/29/09